IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:23-CR-018 |
| | ) | |
| BRANDON DUBOSE, | ) | |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE GOVERNMENT ON SENTENCING
AND MOTION FOR DOWNWARD VARIANCE**

The United States of America, by and through its attorneys, Jessica D. Aber, United

States Attorney for the Eastern District of Virginia, and Heather Hart Mansfield, Assistant

United States Attorney, hereby submits its position with respect to sentencing factors.  Pursuant

to the factors contained in 18 U.S.C. § 3553(a) and for the reasons set forth below, the United

States recommends a sentence of 120 months' imprisonment.

### I.        The PSR and Applicable Guideline Sentence

The United States has no objection to the Presentence Report ("PSR").  The PSR

calculates the defendant's Offense Level at 37.  PSR ¶28.  This calculation includes:  a base

offense level of 22, pursuant to U.S.S.G. § 2G2.2(a)(2); a two-level enhancement for the material

involving a prepubescent minor, pursuant to U.S.S.G. § 2G2.2(b)(2); a two-level enhancement

for the defendant engaging in distribution, pursuant to U.S.S.G. § 2G2.2(b)(3)(F); a four-level

enhancement for the material portraying sadistic or masochistic conduct or exploitation of an

infant or toddler, pursuant to U.S.S.G. § 2G2.2(b)(4); a two-level enhancement for the use of a

computer, pursuant to U.S.S.G. § 2G2.2(b)(6); and a five-level enhancement for the offense

involving more than 600 images, pursuant to U.S.S.G. § 2G2.2(b)(7)(D).  PSR ¶¶19-24.  The

1

defendant's Criminal History Category is I.  PSR ¶36.  After a three-level reduction for acceptance of responsibility, the defendant's resulting advisory guideline range is 151-188 months' imprisonment.  PSR ¶77.

## II.      Motion for an Additional One-Point Reduction for Acceptance of Responsibility

Because the defendant assisted authorities in the prosecution of his own criminal conduct by timely notifying the United States and the Court of his intention to enter a plea of guilty, the United States moves for an additional one-level decrease pursuant to U.S.S.G. § 3E1.1(b).  As noted above, this reduction is reflected in the defendant's PSR and in determining the applicable guideline range.

## III.      Factual Background

In June 2021, agents with Homeland Security Investigations ("HSI") used law enforcement software on the BitTorrent network to identify an IP address distributing child pornography.  PSR ¶9.  On or about June 26, 2021, agents downloaded nineteen files containing images and videos of child pornography from a user of that same IP address.  *Id*.

Law enforcement agents subsequently identified the IP address as assigned to the defendant's residence during the relevant time period.  PSR ¶9.  On October 27, 2021, law enforcement executed a search warrant at the defendant's residence.  Agents seized several devices belonging to the defendant.  *Id*.  Forensic examination of the devices revealed that the defendant was in possession of 3,968 images and 192 videos depicting child pornography.  PSR ¶10.  As noted in the PSR, the defendant had a large collection of child pornography, including images that depicted very young children.  *Id*.

On March 13, 2023, the defendant appeared in the United States District Court for the Eastern District of Virginia, agreed to waive indictment by a grand jury, and pled guilty to a one-

count criminal information.  PSR ¶2.  At that time, he was remanded to the custody of the United States Marshals.

## IV.    The § 3553(a) Factors

Based on the nature and circumstances of the defendant's conduct, seriousness of the defendant's conduct, the need to deter the defendant and others from engaging in similar criminal conduct, the need to protect the public from defendant's future criminal conduct, and the need to avoid unwarranted sentencing disparities between the defendant and similarly-situated persons, the United States moves this Court to grant a downward variance and recommends a sentence of 120 months' imprisonment.

Following the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), there is a process district courts should adhere to in fashioning an appropriate sentence.  The first step is to correctly calculate the applicable Guidelines range.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  The Court should then assess whether a sentence within that range (or the sentence sought by a party) adequately serves the factors listed in Title 18, United States Code, Section 3553(a).  *See United States v. Diosdado-Star*, 630 F.3d 359, 364–65 (4th Cir. 2011).  To the extent the Court deems some deviation from the applicable Guidelines range appropriate (whether denominated a "departure" under a Guidelines provision or a "variance"), the Court must give serious consideration to the extent of the deviation and must adequately explain it "to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Diosdado-Star*, 630 F.3d at 365 (quoting *Gall*, 552 U.S. at 50).

18 U.S.C. § 3553(a) states that, in determining a particular sentence to be imposed, the Court shall consider the following factors:

    (1)    the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2)     the need for the sentence imposed –

     (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

     (B)     to afford adequate deterrence to criminal conduct;

     (C)     to protect the public from further crimes by the defendant; and

     (D)     to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.

The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

Offenses involving the online exploitation of vulnerable children are serious and deserve a severe punishment.  In this case, the government submits that a sentence of 120 months is sufficient, but not greater than necessary, to adequately comply with all of the factors outlined in § 3553(a).

### A.  The Nature, Circumstances, and Seriousness of the Offense

As outlined in the statement of facts, the defendant used BitTorrent software to receive and share child pornography.  BitTorrent is an Internet-based, peer-to-peer (P2P) network that allows users to anonymously share files, chat on message boards, and access websites within the network.  P2P file-sharing is a method of communication available to Internet users through the use of special software.  Computers linked together through the Internet using this software form a network that allows for the sharing of digital files between users on the network.  As outlined in the statement of facts, the defendant was sharing files of child pornography that he downloaded with other users on the BitTorrent network.

As this Court is well aware, the receipt and possession of child pornography is a serious offense and perpetrates a harm, separate and apart from the abusive conduct displayed in the

4

images and videos.  "The simple fact that the images have been disseminated perpetuates the abuse initiated by the producer of the materials. 'The materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.'" *United States v. Goff*, 501 F.3d 250, at 259 (3d Cir. 2007) (citing *New York v. Ferber*, 458 U.S. 747, 759 (1982)).  In asking for a downward variance to 120 months, the government does not intend to understate the harm perpetrated by these offenses.

The government moves this Court for a downward variance based on factors in this individual case.  The government has no evidence that the defendant was in contact with any children online or involved in any hands-on abuse of children.  The images and videos contained on the defendant's devices all appear to have been amassed through BitTorrent downloads.  This defendant had a large collection of child pornography that he obtained using the internet.  Unfortunately, it has become all too easy to download hundreds or thousands of files with one click, but that does not minimize the harm it causes.  The defendant's use of a peer-to-peer sharing software to download and distribute images of child pornography re-victimized the children depicted in those photos each time he downloaded those images or made those images and videos available to different users on the network.

A sentence of 120 months is a significant and severe sentence and adequately reflects the nature and circumstances of the defendant's offense.

### B.  History and Characteristics of the Defendant

The defendant is 33 years old and was raised by his parents in Louisiana.  PSR ¶45.  The defendant graduated from high school in Louisiana in 2008.  PSR ¶65.  He enrolled in Grambling State University but withdrew after completing several semesters.  PSR ¶65.  The defendant moved to Richmond when he was 23 years old.  PSR ¶49.  Since 2016, the defendant

was employed as a cable installer for a company in Richmond, Virginia.  PSR ¶67.

The defendant was diagnosed with scoliosis when he was young.  PSR ¶55.  He has suffered from depression and anti-social behavior for approximately 20 years and indicated that he is interested in receiving mental health treatment.  PSR ¶60.  The defendant does not appear to have any issues with substance abuse.  PSR ¶62.

### C.  The Need to Afford Adequate Deterrence and Promote Respect for the Law

A sentence of 120 months is appropriate to promote respect for the law and afford adequate deterrence.  Courts and Congress alike have long recognized that receiving, viewing, and distributing child pornography "inflicts an injury upon the child depicted by violating his or her privacy, contributing to a cycle of abuse, and perpetuating a market for the sharing of materials." *United States v. Hicks*, No. 1:09cr150, 2009 WL 4110260, at *2 (E.D. Va. Nov. 24, 2009) (citing *United States v. Sherman*, 268 F.3d 539, 547 (7th Cir. 2011)).  Given the role that people such as the defendant play in supporting a market for the sharing of child pornography materials, there is a strong need to deter both the defendant and others from engaging in the possession and viewing of child pornography.

A sentence of 120 months, or 10 years, is a significant sentence and will promote respect for the law and provide adequate deterrence to individuals who would consider downloading child pornography online.

### D.  The Need to Protect the Public

A sentence of 120 months will adequately protect the public from future crimes of the defendant.  Additionally, a term of supervised release of at least five years is required in this case and will also ensure the protection of the public.

### E.  The Need to Avoid Unwarranted Sentencing Disparities

A sentence of 120 months' imprisonment is a below guideline sentence, but it is twice the statutory mandatory-minimum sentence.  When all of the § 3553(a) factors are taken into consideration, a sentence of 120 months does not create any unwarranted sentencing disparities.

## V.        Financial Penalties

The defendant in this case is subject to the provisions of 18 U.S.C. § 3014 and 18 U.S.C. § 2259A.  Although the defendant owns a home, it appears that he still owes a substantial mortgage and has a negative net worth, making him likely unable to pay a fine or assessment under the statute.

The defendant is required, however, to pay restitution.  Title 18 U.S.C. § 2259 mandates restitution for any offense under Chapter 110, which includes the defendant's crimes for child sexual exploitation.  The statute mandates that restitution should be ordered for "the full amount of the victim's losses" and in an amount no less than $3,000.  18 U.S.C. § 2259(b)(2).  The Court may not decline to issue a restitution order because of "the economic circumstances of the defendant."  18 U.S.C. § 2259(b)(3).

The United States has received ten restitution requests from victims in this case and forwarded the same to defense counsel and the United States Probation Officer.

## VI.    Conclusion

For the reasons stated above, the United States respectfully asks this Court to grant the

motion for downward variance and sentence the defendant to 120 months' imprisonment.


Respectfully Submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:    _____/s/_____
Heather Hart Mansfield
Virginia Bar Number 83957
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, VA  23219
Phone:  (804) 819-5400
Fax:  (804) 771-2316
Heather.H.Mansfield@usdoj.gov

8